IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

In Re:                                     Case No:      13-01442-WSS-13
**Johnnie Anderson**

      **Debtor**

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY FILED BY SELENE FINANCE, LP, AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-2

      This matter coming before the Court on the Motion for Relief from Automatic Stay filed by SELENE FINANCE, LP, AS SERVICER FOR CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS FUND SOCIETY, FSB, AS TRUSTEE FOR STANWICH MORTGAGE LOAN TRUST, SERIES 2013-2 (hereinafter "Creditor"), and this Court being informed of the agreement of the parties hereto regarding 3507 Windham Road, Mobile, Alabama 36605, it is therefore **ORDERED, ADJUDGED AND DECREED** as follows:

1. The Creditor may file a claim for the post-petition mortgage arrearage through July 2015 plus the attorney fees and costs in connection with Creditor's Motion for Relief from Stay. The arrearage to be put into the plan is as follows:
   | | |
   |---|---|
   | 8 payments @ $435.37 for 12/14 to 07/15: | $3,482.96 |
   | Attorney Fees and Costs for MFR: | $ 826.00 |
   | Minus partial payment: | ($ 114.71) |
   | Total: | $4,194.25 |

2. The Motion for Relief from Stay filed by the Creditor is hereby conditionally denied. However, should the Debtor default under the mortgage agreement between the parties beginning August 2015, the Motion for Relief from Stay is granted if the Creditor gives the Debtor and the Debtor's attorney fifteen (15) days written notice of opportunity to cure. If the default is not cured within fifteen (15) days from the date the notice is issued, then the stay shall lift without further Order from the Court. Further, the Creditor is allowed to communicate with the Debtor any communication required under the note and mortgage or under state law. Waiver of default shall not constitute waiver of subsequent default. The Debtor is responsible for reasonable attorney fees involved in the enforcement of this Order.

3. If relief from the automatic stay under 11 U.S.C. § 362 becomes effective, this Creditor is thereafter entitled to enforce any and all of its right, title, interest in and to the subject property under applicable non-bankruptcy law. The filing and service of Notice of Payment Change and/or Notices of Post-Petition Fees, Expenses, and Charges, as described by FRBP 3002.1(b) and FRBP 3002.1(c) are not required once relief from the automatic stay under 11 U.S.C. § 362 is triggered and becomes effective. Upon entry of

Version 1.1

this Order granting relief from the automatic stay under 11 U.S.C. § 362, the 14-day stay of Rule FRBP 4001.(a)(3) is waived.

Dated: August 21, 2015

_____
WILLIAM S. SHULMAN
U.S. BANKRUPTCY JUDGE